## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

NANCY LEWIS,

    Plaintiff,

v.                                                                                                Civ. No. 09-0306 JB/RHS

RAYMOND SANDOVAL,
CENTER MARKET,

    Defendants.

and

NANCY LEWIS,

    Plaintiff,

v.                                                                                          Civ. No. 09-0700 JB/ACT

LINDA TRUJILLO and IVAN GUILLEN, et al.,
of the NORTH CENTRAL NEW MEXICO REGIONAL
TRANSIT DISTRICT, ESPANOLA POLICE OFFICERS
MARTIN VIGIL and MIGUEL MAEZ, CITY OF ESPANOLA,

    Defendants.

and

NANCY LEWIS,

    Plaintiff,

v.                                                                                          Civ. No. 09-0701 RLP/ACT

ECCO COFFEE SHOP,

    Defendant.

and

NANCY LEWIS,

    Plaintiff,

v.                                                                                                       Civ. No. 09-0702 ACT/LFG

JOY JUNCTION HOMELESS SHELTER
and CITY OF ALBUQUERQUE,

      Defendants.

## ORDER DENYING MOTION TO PROCEED IFP ON APPEAL

**THIS MATTER** comes before the Court on Plaintiff Nancy Lewis's Motion to Proceed on Appeal without Prepayment of Costs or Fees, filed November 2, 2009 (Doc. 15)("Motion").  The primary issue is whether Plaintiff Nancy Lewis is unable to pay both for filing fees and for the necessities of life, and whether she has stated a nonfrivolous issue on appeal.  The Court concludes that Lewis's appeal is not taken in good faith and that the Court should deny her motion to proceed *in forma pauperis* ("IFP") on appeal.  See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Fed. R. App. P. 24(a)(1) (requiring appellant who desires to appeal IFP to file motion in the district court).

Lewis states in her financial affidavit accompanying her motion to proceed IFP on appeal that she receives $939.00 per month in social security and that she has $2505.00 in her checking and savings accounts.  See Motion at 4.  An individual owes her $345.00.  See id. at 5.  In a sworn declaration, however, Lewis stated that, in November, she received $944.00 in social security, plus $404.00 in unemployment, and that she also receives $62.00 per month from a $44,000.00 money judgment and $96.00 for her medicare premium each month, for a total of over $1450.00 per month, plus food stamps.  See Lewis v. Maestas, No. CIV 09-0912 GBW/RLP, Financial Declaration at 4, filed November 30, 2009 (Doc. 7).

Lewis pays $305.00 per month for rent, which includes all of her utilities except for telephone.  See Motion at 6.  The Court has previously noted that Lewis has stated that "Medicare

pays for her medications and that she gets public assistance for food," Memorandum Opinion and Order at 4, filed October 29, 2009 (Doc. 12), but her affidavit states that she pays $50.00 for medical and dental expenses, see Motion at 6. Lewis pays $48.00 per month for car insurance. See id. Based on her income, savings, and expenses for necessities, the Court concludes that Lewis has not established that she "cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [her]self . . . with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). The Court concludes that Lewis's allegation of poverty is untrue and that she should not be allowed to proceed IFP on appeal.

Further, even if she had established indigency, Lewis has failed to include in her motion to proceed IFP on appeal anything that "claims an entitlement to redress, and [] states the issues that the party intends to present on appeal," as rules 24(a)(1)(B) & (C) of the Federal Rules of Appellate Procedure require. Lewis states that she is appealing from the "denial of in forma pauperis status." Motion at 2. She does not state in her notice of appeal the issues she wishes to present. See Notice of Appeal, filed November 2, 2009 (Doc. 14). To proceed IFP on appeal, the plaintiff "must show a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991)(emphasis added). See 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of cases if the court determines "that the allegation of poverty is untrue" or if "the action or appeal . . . is frivolous or malicious"); Scott v. Milyard, No. 09-1276, 2009 WL 3353093, at *2 (10th Cir. Oct. 20, 2009) (noting that, even though the plaintiff had been allowed to proceed IFP in district court, "the district court found that 'the appeal is not taken in good faith because [the plaintiff/appellant] has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal;'" agreeing that "the arguments are not well reasoned and fail to demonstrate an

absence of frivolity;" and denying a renewed motion to proceed IFP on appeal). A "nonfrivolous argument" is a "rational argument on the law or facts in support of the issues raised on appeal." DeBardeleben, 937 F.2d at 505. Lewis has not attempted to show the Court why she believes the Court erred in denying her IFP status in the district court. See Lewis v. Ctr. Mkt., No. CIV 09-0306, 2009 U.S. Dist. LEXIS 114184, at *8 (D.N.M. Oct. 29, 2009)(stating "[t]he Court concludes that the record establishes that Lewis has sufficient funds to pay both for the necessities of life and for those lawsuits that she deems important, and that her allegation of poverty does not accurately characterize her situation."). The Court incorporates its reasoning in that Order into this Order as a reason to deny her IFP status on appeal.

Because Lewis has failed to show that she is unable to pay filing fees and has also failed to demonstrate the existence of a reasoned, nonfrivolous argument on appeal, her appeal is not taken in good faith, and the Court will deny her motion to proceed IFP on appeal.

**IT IS ORDERED** that Nancy Lewis's Motion to Proceed on Appeal without Prepayment of Costs or Fees is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Nancy Lewis
Espanola, New Mexico

    *Pro Se Plaintiff*

Tony F Ortiz
Scheuer, Yost & Patterson, P.C.
Santa Fe, New Mexico

> *Attorneys for Defendants Linda Trujillo, Ivan Guillen, and the North Central New Mexico Regional Transit District*

Robert L. Cole
Albuquerque, New Mexico

> *Attorney for Defendants Martin Vigil, Miguel Maez, and the City of Espanola*

Quela Robinson
Whitney Warner
Albuquerque, New Mexico
> *Attorneys for Defendant Ecco Coffee Shop*

William P. Gralow
Lisa Entress Pullen
Civerolo, Gralow, Hill & Curtis, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendant Joy Junction Homeless Shelter*

David B Nava
Albuquerque City Attorney's Office
Albuquerque, New Mexico

> *Attorneys for the City of Albuquerque*